# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-KA-01008-SCT

*TONY RAY BROWN a/k/a TOMMY RAY BROWN*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/09/2004 |
| TRIAL JUDGE: | HON. BOBBY BURT DeLAUGHTER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JULIE ANN EPPS |
| | E. MICHAEL MARKS |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEAN SMITH VAUGHAN |
| DISTRICT ATTORNEY: | ELEANOR FAYE PETERSON |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 07/21/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE COBB, P.J., CARLSON AND DICKINSON, JJ.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1. Tony Ray Brown was convicted in the Circuit Court of the First Judicial District of Hinds County of possession of cocaine in an amount of more than 0.1 gram but less than 2 grams and was sentenced to a term of eight years in the custody of the Mississippi Department of Corrections. Following the denial of his motion for JNOV or, in the alternative, a new trial, Brown timely appealed to this Court. Finding no reversible error, we affirm.

## FACTS AND PROCEEDINGS IN THE TRIAL COURT

¶2.     On the morning of September 13, 2001, Tony Ray Brown called the police to report a robbery after he was allegedly beaten by his crack cocaine dealer. Upon arriving at the scene, the officer discovered cocaine in Brown's possession. Brown was arrested and subsequently indicted for possession of cocaine.

¶3.     At trial, Andrew McGehee, a crime scene investigator with the Jackson Police Department, testified that he received a dispatch to 1007 Garden Park Drive. The dispatcher informed Inv. McGehee that Brown called in to complain of an assault and strong arm robbery. McGehee testified that upon arriving at Brown's residence, Brown appeared to have been in an altercation. Brown's injuries were not serious, but he had cuts and scrapes on his face. McGehee testified that he questioned Brown concerning the robbery, and Brown informed him that "the man he buys crack from had beat him up at the crack dealer's house. He told me he loaned the man a battery a while back and he wanted the battery back for his car. He went over there trying to get it and he got beat up and $100 taken from him." McGehee testified that he asked Brown if he had any of the cocaine that he had bought from his dealer. Brown reached into his pocket, pulled out a yellowish white rock, and placed it into McGehee's hand. At that point, McGehee placed Brown under arrest for possession of cocaine.

¶4.     Jacqueline Gardner, laboratory director of the Jackson Police Department crime laboratory, was accepted by the trial court as an expert in forensic science, specifically substance identification. Gardner testified that after performing two tests on the substance submitted to her by the police department, she was able to determine that the substance was

2

cocaine with a weight of .11 gram. After Gardner's testimony, the State rested. The defense moved for a directed verdict, which was overruled by the court.

¶5.     Testifying on his own behalf, Brown admitted that he had been addicted to cocaine for over twenty-five years. Brown testified that on the morning of September 13, 2001, he went to the house of Vince Taylor, his drug dealer who lived on Catalina Circle, to retrieve a battery that he had previously lent Taylor's son. Brown stated that when he asked for his battery, "the man knocked me out and they robbed me. And when I woke up, I was fighting. He knocked me completely out. I was fighting, jumped up fighting. His wife was beating me. I was locked down. Both of them beat me so bad, and I ran home." Brown testified that when he went to Taylor's house, he had $100 in his pocket but did not have any cocaine. After he ran home, he called the police.

¶6.     Brown also testified that he did not reach into his pocket to retrieve the cocaine, but that the cocaine was already in his hand when the officer arrived on the scene. However, he did admit to giving the officer the cocaine. Brown stated that he was not using drugs at the time of the incident; therefore, Taylor and his wife must have put the cocaine in his hand after they knocked him unconscious. Brown further testified that after he woke up, he began fighting with Taylor and his wife. When he was able to escape, he ran back to his home at 1007 Garden Park Drive and called the police. When the police arrived, he gave them the cocaine that had been in his hand since he had been knocked unconscious. After Brown's testimony, the defense rested. The State called no rebuttal witnesses.

¶7.    After receiving instructions from the trial court, and hearing closing argument of counsel, the jury retired to deliberate and ultimately found Brown guilty of possession of cocaine. Brown was sentenced to serve a term of eight years in the custody of the Mississippi Department of Corrections.   Brown filed a motion for JNOV or, in the alternative, for a new trial, on the grounds that the verdict was against the overwhelming weight of the evidence, that the trial court erred in properly instructing the jury, that the State failed to prove all essential elements, and that the trial court had committed numerous errors in its evidentiary rulings. The motions were denied, and Brown timely filed notice of this appeal, raising issues as to the sufficiency of the evidence, prosecutorial misconduct and improper restriction of closing argument.

## DISCUSSION

### I. Sufficiency of the evidence

¶8.    The standard of review for a post-trial motion is abuse of discretion.  *Howell v. State*, 860 So. 2d 704, 764 (Miss. 2003).  In the recent case of *Bush v. State*, 895 So. 2d 836, 843 (Miss. 2005), we discussed the standard which applies in a challenge to a verdict based on the sufficiency of the evidence:

> In *Carr v. State*, 208 So. 2d 886, 889 (Miss. 1968), we stated that in considering whether the evidence is sufficient to sustain a conviction in the face of a motion for directed verdict or for judgment notwithstanding the verdict, the critical inquiry is whether the evidence shows "beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction."   However, this inquiry does not require a court to

4

'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.' Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Jackson v. Virginia*, 443 U.S. 307, 315, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (citations omitted) (emphasis in original). Should the facts and inferences considered in a challenge to the sufficiency of the evidence "point in favor of the defendant on any element of the offense with sufficient force that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty," the proper remedy is for the appellate court to reverse and render[, i.e. reverse and discharge]. *Edwards v. State*, 469 So. 2d 68, 70 (Miss. 1985) (citing *May v. State*, 460 So. 2d 778, 781 (Miss. 1984)); *see also Dycus v. State*, 875 So. 2d 140, 164 (Miss. 2004). However, if a review of the evidence reveals that it is of such quality and weight that, "having in mind the beyond a reasonable doubt burden of proof standard, reasonable fair-minded men in the exercise of impartial judgment might reach different conclusions on every element of the offense," the evidence will be deemed to have been sufficient. *Edwards*, 469 So.2d at 70; *see also Gibby v. State*, 744 So.2d 244, 245 (Miss. 1999).

¶9.    In order to convict Tony Ray Brown of possession of cocaine in an amount of more than 0.1 gram but less than 2 grams, the State was required to prove, pursuant to Miss. Code Ann. § 41-29-139 (Rev. 2001), Brown (1) knowingly or intentionally; (2) possessed; (3) cocaine in an amount of more than 0.1 gram but less than 2 grams.

¶10.   Tony Ray Brown testified that he had cocaine in his possession on the morning of September 13, 2001.[1] McGehee also testified that upon arriving at the scene, Brown handed

---

[1]Invoking our familiar *Weathersby* Rule applicable to homicide cases, Brown argues that we must accept as true his uncontradicted testimony concerning the fight with his crack dealer and his wife and that they must have placed the cocaine in Brown's hands. *See Weathersby v. State*, 165 Miss. 207, 209, 147 So. 481, 482 (1933). In *Weathersby*, this Court stated "that where the defendant or the defendant's witnesses are the only eyewitnesses to the homicide, their version, if reasonable, must be accepted as true, unless substantially

5

him what was later determined to be cocaine. Brown was able to present his version of the facts that Taylor and his wife must have placed the cocaine in his hand after rendering him unconscious. He further testified that this cocaine remained in his hand during the scuffle until he was able to run home and call the police, whereupon he handed over the cocaine upon the arrival of the police. Contrary to the testimony of Investigator McGehee that Brown reached into his pocket and pulled out the cocaine, Brown unequivocally denied that he reached into his pocket to retrieve the cocaine. Instead, Brown testified that the cocaine was in his hand when McGehee arrived and that the cocaine "come out of my hand and I put it in his [McGehee's] hand. I didn't go in my pocket." When we view the evidence in the light most favorable to the State, there was sufficient evidence upon which a rational person could have found that the State proved, beyond a reasonable doubt, that Brown committed all of the elements of possession of cocaine amount of more than 0.1 gram but less than 2 grams. Therefore, this argument is without merit.

## II. Prosecutorial Conduct

¶11.    Brown argues that the State misled the jury as to the elements of possession of cocaine in its closing argument. Brown argued that he could not be found guilty of possession of cocaine because he did not possess the requisite criminal intent. The State, however, argued

---

contradicted in material particulars by a credible witness or witnesses for the state, or by the physical facts or by the facts of common knowledge." *Id.* at 482 (citations omitted). Today's case is not a homicide case. Thus, *Weathersby* is inapplicable here. Even if we applied *Weathersby*, the evidence in today's record belies Brown's version of the relevant events in his case. Accordingly, we decline Brown's invitation to apply the *Weathersby* Rule in his case.

that "by the defendant's own statement, his cocaine, his hand, he put it in the officer's hand. That is possession of cocaine."

¶12.     The record indicates, and Brown does not dispute, that he made no objection to the prosecutor's remarks at trial. This issue is, therefore, procedurally barred. ***Dunn v. State***, 693 So.2d 1333, 1339 (Miss. 1997). Brown argues that his conviction should be reversed despite the fact that he did not object at trial pursuant to ***Williams v. State***, 445 So.2d 798, 810 (Miss. 1984), in which this Court stated that improper remarks by a prosecutor warrant reversal even without a defense objection when there is a "most extreme and intolerable abuse of his privilege."   Based on the existing evidence before the jury at the time the jury heard closing arguments from the attorneys, the comments of the prosecutor were not improper.   Even if we were to somehow conclude that the prosecutors comments were inappropriate, which we do not, without question, the prosecutor's remarks do not rise to the level of a "most extreme and intolerable abuse of his privilege." Thus, Brown is entitled to no relief on this issue.   *See **Tate v. State***, ___ So. 2d ___, 2005 WL 674789 *9 (Miss. 2005).

**III. Closing Argument**

¶13.     Brown finally argues that the trial court erred in prohibiting a portion of his defense counsel's closing argument. Defense counsel began his closing argument by stating:

>     Over the past I guess it's two or three, maybe going on four years now we have heard a lot of criticism through our legislature what is wrong with the jury system.   In fact, there has been a great move for our laws in the State of Mississippi to take decisions -- many, many different type decisions as far as suits at law, civil and otherwise, away from the jury system. The legislature, in

fact, we must deduce say that the legislature, then, is much smarter than the jury system. Let's not rely on the jury in Mississippi.

The trial court, sua sponte, interrupted defense counsel, and the following exchange took place.

THE COURT: Mr. Marks, what are you doing?

MR. MARKS: Sir?

THE COURT: You are arguing tort reform in a criminal case. The jury system is not on trial here. Let's get back to the issue.

MR. MARKS: Judge, I respectfully based on the Court's comments move for a mistrial.

THE COURT: Overruled. Move on.

MR. MARKS: You admonish me not to go on in this vein?

THE COURT: I think that's the message.

MR. MARKS: Sir?

THE COURT: Yes, sir.

¶14. Notwithstanding the wide latitude afforded attorneys in closing arguments, "[t]he standard of review that we must apply to lawyer misconduct during closing arguments is whether the natural and probable effect of the improper argument is to create unjust prejudice against the accused so as to result in a decision influenced by the prejudice so created." *Sheppard v. State*, 777 So.2d 659, 661 (¶ 7) (Miss. 2000). The trial judge determined that the comments made by defense counsel were prejudicial and improper, and he ordered defense counsel to "get back to the issue." We find that the ruling of the trial court was proper and that

8

the trial judge was well within his discretion in limiting the closing argument to the matters in evidence and, therefore, did not abuse his discretion.

## CONCLUSION

¶15.    Finding no reversible error committed by the trial court, we affirm the judgment of the Circuit Court of the First Judicial District of Hinds County.

¶16.    **CONVICTION OF POSSESSION OF MORE THAN 0.1 GRAM BUT LESS THAN 2 GRAMS OF COCAINE AND SENTENCE OF EIGHT (8) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., EASLEY, DICKINSON AND RANDOLPH, JJ., CONCUR.  GRAVES, J., CONCURS IN RESULT ONLY.  DIAZ, J., NOT PARTICIPATING**.