IRVING, J.,
for the Court.
¶ 1. At the conclusion of his jury trial, Consimeon Gross was convicted of five different counts arising from the possession and manufacture of various illegal substances. The Montgomery County Circuit Court sentenced Gross to a total of forty years in the custody of the Mississippi Department of Corrections as a result of the convictions. Aggrieved, Gross appeals and asserts the following errors, which we quote verbatim:
ISSUE ONE: WHETHER THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT’S MOTION FOR DIRECTED VERDICT, PEREMPTORY INSTRUCTION, AND JNOV WHEN THE STATE FAILED TO OFFER A SCINTILLA OF PROOF *441 THAT THE PREMISES UPON WHICH THE DRUGS AND GUNS WERE FOUND WERE IN HIS EXCLUSIVE POSSESSION AND NO COMPETENT EVIDENCE CONCLUSIVELY LINKED HIM TO THE CONTRABAND.
ISSUE TWO: WHETHER THE TRIAL COURT ERRED IN REFUSING TO GRANT JURY INSTRUCTION D-4, WHICH WOULD HAVE PROPERLY INSTRUCTED THE JURY AS TO THE LAW OF CONSTRUCTIVE POSSESSION, WAS SUPPORTED BY THE EVIDENCE AT TRIAL, AND WAS NOT COVERED IN ANY OTHER INSTRUCTION GRANTED BY THE TRIAL COURT.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. Officers of the Montgomery County Sheriffs Department conducted surveillance on Gross’s residence for several months, during which time they observed numerous people going into the residence and then leaving shortly thereafter. Based on their suspicions, the officers obtained a search warrant for Gross’s residence. The warrant was executed as Gross was stopped and arrested for unrelated reasons. No one except the officers were at the house while the residence was searched.
¶ 4. The search of the residence yielded a considerable amount of contraband, including marihuana plants, a large amount of marihuana, heroin, ecstacy, cocaine, drug paraphernalia, and firearms. Some of the items, including the guns, were found in a “game room” that officers testified was located near the “front” of the house. Some of the contraband was found in a bathroom whose location in the house was not disclosed. The majority of the items were found in a plastic bag on top of a dresser in a bedroom. Again, no testimony was introduced to indicate where this bedroom was in the house. One of the officers who executed the search warrant testified that, when Consimeon’s wife arrived at the house and while Consimeon was in the officer’s vehicle, Consimeon said, “She don’t know nothing. She don’t know nothing.” Partially on the basis of that statement, the officers chose not to pursue charges against Gross’s wife.
¶ 5. In addition to the law enforcement officers who conducted surveillance on the house and executed the search warrant, the State put on an expert who testified about the analysis of the chemical makeup of the contraband discovered. The State also called Gross’s father-in-law, Rudolph Hobbs, the actual owner of the house, as a witness. Hobbs testified that he was “by there [the house] all the time” because the residence “is right there on the highway” and Consimeon and his family were the individuals living in the residence at the time of the search warrant.
¶ 6. Gross called only his cousin, Shalam-ice Bibbs, as a witness. The essence of Bibbs’s testimony was that, at the time of the search warrant’s execution in June of 2003, her cousin, Teresa, and her cousin’s husband, Mike, were staying with Gross and his family. Bibbs testified that Teresa and Mike stayed in the back of the house, while Gross and his family stayed in the front of the house. Bibbs also testified that she knew that Mike had done drugs, although she also testified that she had never seen him with any of the contraband seized from the house and she had not seen any drugs in the back bedroom of the house while Teresa and Mike were staying there.
ANALYSIS AND DISCUSSION OF THE ISSUES

1. Sufficiency of the Evidence

¶ 7. In this allegation of error, Gross alleges that the evidence is insuffi- *442 dent to sustain his conviction. Gross bases his argument on his contention that the State failed to prove that he had constructive possession of the contraband seized from the residence. According to Gross, “[t]he evidence at trial tended to implicate the Appellant’s cousin and her live-in boyfriend, as they were, in fact, occupying the ‘apartment’ where the contraband was found.” Gross contends that no evidence was presented other than his proximity to the contraband to link him to the drugs and guns.
¶ 8. In order to succeed on a challenge to the sufficiency of the evidence supporting a conviction, a defendant must show that no “rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Smith v. State, 925 So.2d 825, 830(¶ 10) (Miss.2006) (quoting Brown v. State, 907 So.2d 336, 339(¶ 8) (Miss.2005)). When reviewing a challenge to the sufficiency of the evidence, we view the record in the light most favorable to the State. Id. We review the lower court’s decision under an abuse of discretion standard. Id. (citing Brown, 907 So.2d at 339(¶ 8)). “As long as ‘reasonable fair-minded men in the exercise of impartial judgment might reach different conclusions on every element of the offense, [then] the evidence will be deemed to have been sufficient.’ ” Id. (quoting Brown, 907 So.2d at 339(¶ 8)).
¶ 9. In order to prove possession of an illegal substance, the State need not prove actual possession. Kerns v. State, 923 So.2d 196, 199(¶ 11) (Miss.2005) (quoting Curry v. State, 249 So.2d 414, 416 (Miss.1971)). Instead, the State may prove possession by showing that a defendant had constructive possession of an illegal substance: “Constructive possession may be shown by establishing that the drug involved was subject to his [the defendant’s] dominion or control.” Id. (quoting Curry, 249 So.2d at 416). “A presumption of constructive possession arises against the owner of premises upon which contraband is found.” Smith v. State, 839 So.2d 489, 497(¶ 21) (Miss.2003) (citing Hamm v. State, 735 So.2d 1025, 1029(¶ 13) (Miss.1999)). However, where an individual is not in exclusive possession of a premises, “additional incriminating facts must connect the accused with the contraband.” Ginn v. State, 860 So.2d 675, 685(¶ 32) (Miss.2003) (quoting Powell v. State, 355 So.2d 1378, 1379 (Miss.1978)).
¶ 10. We find the Powell case to be particularly illuminating on this issue. In Powell, the defendant, Powell, appealed her conviction on the basis of the sufficiency of the evidence. Powell, 355 So.2d at 1379. After the execution of a search warrant, marihuana was found in three locations in the house that Powell rented: the living room coffee table, a small ammunition box in front of the living room fireplace, and a larger ammunition box located in Powell’s bedroom closet. Id. Testimony indicated that Powell shared the house with other adults. Id. Testimony also indicated that there were many people who visited and had access to all the rooms of the apartment. Id. at 1379-80. Although recognizing that Powell did not have exclusive possession of the house, the court found that there were still additional incriminating facts sufficient to create a jury question. Id. at 1380.' Essentially, the only additional incriminating fact indicated by the Powell court was the discovery of some of the marihuana in Powell’s bedroom, although the court recognized that numerous individuals had access to the bedroom. No fingerprints or eyewitness testimony was presented to corroborate Powell’s ownership of the marihuana.
¶ 11. In the present case, Gross presented evidence regarding three different individuals who might have also had *443 possession of the contraband: his wife, Teresa, and Teresa’s husband, Mike. As to Gross’s contention that the evidence more strongly implicates Teresa and Mike than Gross because the contraband was supposedly found in the back bedroom that Teresa and Mike used, we note that the record does not reflect that the contraband was found in a “back” bedroom. In fact, officers testified that some of the contraband was found in a “front” game room. The majority of the contraband was found in a bedroom, but no evidence at trial indicated where the bedroom was located in the house. “[W]e will not consider matters which do not appear in the record and must confine ourselves to what actually appears in the record. Moreover, we cannot decide an issue based on assertions in the briefs alone; rather, issues must be proven by the record.” Hodges v. State, 912 So.2d 730, 750(¶ 20) (Miss.2005) (quoting Medina v. State, 688 So.2d 727, 732 (Miss.1996)). Therefore, we cannot conclude from Gross’s brief alone that the contraband was found in the back bedroom where Teresa and Mike were allegedly staying.
¶ 12. Although Gross claims that the testimony of Bibbs regarding his cousin’s occupancy of the house is uncontested, we note that Hobbs testified that the sole occupants of the house at the time of the search warrant were Gross, Gross’s wife, and them two children. Hobbs did not mention Teresa or Mike when asked who occupied the house at the time of the search warrant. When conflicting testimony is presented, “the jury is the judge of the credibility of the witnesses.” Le v. State, 913 So.2d 913, 957 (¶ 164) (Miss.2005) (quoting Wetz v. State, 503 So.2d 803, 812 (Miss.1987)). Therefore, a reasonable jury could have chosen to believe Hobbs’s testimony over that of Bibbs and chosen not to believe that Teresa and Mike stayed with Gross.
¶ 13. As to the presence of Gross’s wife, we note Gross’s statement in the police car as his wife arrived that “she don’t know nothing.” While we decline to treat this statement as an explicit admission, as the State urges us to do, we find that it is additional incriminating evidence indicating that Gross had knowledge of the contraband while his wife did not. Therefore, there was sufficient additional incriminating evidence to meet the standard for constructive possession. On the facts before us, as in Powell, there is sufficient evidence supporting Gross’s conviction. A rational jury could certainly have found that the dominion and control needed to show constructive possession were present. Therefore, the court did not abuse its discretion in denying Gross’s motion for directed verdict, motion for a judgment notwithstanding the verdict, and Gross’s peremptory instruction.

2. Jury Instruction

¶ 14. In his second allegation of error, Gross contends that the court erred in denying his proposed instruction D-4. This instruction reads as follows: “The Jurors are instructed that where the premises upon which contraband is found is not in the exclusive possession of the accused, the accused in [sic] entitled to acquittal, absent some competent evidence connecting him with the contraband.” This instruction was refused by the court because the court found that its instruction, C-3, adequately covered the law of constructive possession. The court’s instruction reads:
To constitute possession of a controlled substance in any amount, there must be sufficient facts to warrant a finding beyond a reasonable doubt that the defendant was aware of the presence and *444 character of the particular controlled substance, and was intentionally and consciously in possession of it. It need not be actual physical possession; constructive possession may be shown by establishing that the controlled substance was subject to the defendant’s dominion or control.
We note that no objection was lodged by the defense regarding C-3. The State contends that D-4 was properly denied because it is an incomplete statement of the law.
¶ 15. In general, a defendant is entitled to have instructions given that “represent his or her theory of the case, [but] an instruction that ‘incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence’ need not be submitted to the jury.” Foley v. State, 914 So.2d 677, 686(¶ 14) (Miss.2005) (quoting Entergy Miss., Inc. v. Bolden, 854 So.2d 1051, 1054(¶ 6) (Miss.2003)). If the instructions given by the court “fairly announce the law of the case and create no injustice,” then reversal is not required. Id. (quoting Entergy, 854 So.2d at 1054(¶ 6)).
¶ 16. We find that, as argued by the State, proposed instruction D-4 is an incomplete statement of the law on constructive possession. A court is not obligated to give an incomplete, and therefore incorrect, statement of the law as an instruction. See Davis v. State, 376 So.2d 1079, 1081 (Miss.1979). Despite solely arguing in his initial brief that the court erred in not giving D-4, Gross argues in his reply brief that “the Appellant is fully aware that instruction D^4, when taken alone and out of context, would also be insufficient.” Instead, Gross argues that D-4 and C-3 should have been given together to create a “complete and accurate statement of the law.”
¶ 17. We note first that this argument is barred on appeal, since neither Gross nor his attorney objected to court’s instruction C-3 as being an incomplete or inaccurate statement of the law on constructive possession. Failure to object to an instruction generally bars complaints regarding the instruction on appeal. See Lynch v. State, 877 So.2d 1254, 1268(¶ 33) (Miss.2004) (citing Duvall v. State, 634 So.2d 524, 526 (Miss.1994)). Procedural bar notwithstanding, we find that C-3 “fairly announee[d] the law of the case and create[d] no injustice,” in accordance with Foley.
¶ 18. While the addition of D-4 to C-3 would not have created an inaccurate statement of the law, C-3 as given was a sufficient statement of the law. The court’s instruction informed the jury that, in order to find Gross guilty, the contraband must have been subject to Gross’s “dominion and control.” In Ginn v. State, 860 So.2d 675, 680(¶8) (Miss.2003), the following instruction was given by the trial court:
In order to find the Defendant guilty of Possession of Pseudoephedrine/Ephed-rine, Methanol and Ether, being two (2) or more precursor chemicals or drugs, there must be sufficient facts to warrant a finding by the jury that the Defendant was aware of the presence and character of the substance and was intentionally and consciously in possession the [sic] substance. It need not be actual physical possession. Constructive possession may be shown by establishing that the substance was subject to the Defendant’s dominion or control.
(Emphasis added). The Mississippi Supreme Court affirmed this instruction given by the court, noting that “[t]he jury was thus properly instructed on constructive possession.... ” Id. at 680(¶ 9). This instruction, while not identical to instruction *445 C-3 given in the present case, demonstrates that the instruction here was a sufficient and accurate statement of the law regarding constructive possession. Gross’s arguments to the contrary are without merit.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF MONTGOMERY COUNTY OF CONVICTION IN COUNT I OF POSSESSION OF LESS THAN ONE KILOGRAM BUT MORE THAN ONE OUNCE OF MARIHUANA WITH INTENT TO DISTRIBUTE ENHANCED BY POSSESSION OF A FIREARM AND SENTENCE OF A TERM OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS; IN COUNT II OF POSSESSION OF COCAINE WITH INTENT TO DISTRIBUTE ENHANCED BY POSSESSION OF A FIREARM AND SENTENCE OF A TERM OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, SAID SENTENCE TO RUN CONSECUTIVELY TO THE SENTENCE IMPOSED IN COUNT I; IN COUNT III OF MANUFACTURE OF MORE THAN ONE OUNCE OF MARIHUANA BUT LESS THAN ONE KILOGRAM ENHANCED BY POSSESSION OF A FIREARM AND SENTENCE OF A TERM OF THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS; IN COUNT IV OF POSSESSION OF ME-THYLENEDIOXYMETHAMPHETA-MINE ENHANCED BY POSSESSION OF A FIREARM AND SENTENCE OF A TERM OF EIGHT YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS; AND IN COUNT V OF POSSESSION OF HEROIN ENHANCED BY POSSESSION OF A FIREARM AND SENTENCE OF A TERM OF EIGHT YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, THE SENTENCES IMPOSED IN COUNTS III, IV, AND V TO RUN CONCURRENTLY TO THE SENTENCES IMPOSED IN COUNTS I AND II, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MONTGOMERY COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.