952 So.2d 326 (2007)
Terrance HILL a/k/a Terence V. Hill a/k/a Tarence Hill, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-KA-01763-COA.
Court of Appeals of Mississippi.
March 20, 2007.
Paul M. Luckett, McComb, attorney for appellant.
Office of the Attorney General by Jacob Ray, attorney for appellee.
Before MYERS, P.J., IRVING and BARNES, JJ.
MYERS, P.J., for the Court.
¶ 1. Terrance Hill was convicted in the Circuit Court of Pike County of burglary of an inhabited dwelling, and sentenced to serve a term of twenty-five years in the custody of the Mississippi Department of Corrections, ordered to pay restitution in the amount of $60 to the victim of the burglary and fined $10,000. Following his conviction, Hill moved the lower court to grant him a new trial or, in the alternative, to grant him a judgment notwithstanding the verdict, arguing that insufficient evidence was presented for a conviction. Hill now appeals the lower court's denial of his post-trial motions, citing the following issue for our review:
¶ 2. Finding no error, we affirm.
*328 I. WHETHER SUFFICIENT EVIDENCE WAS PRESENTED AT TRIAL TO SUPPORT A CONVICTION OF BURGLARY OF A DWELLING?
¶ 3. Hill argues that the lower court erred in allowing his conviction to stand because insufficient evidence was presented at trial to support his conviction. We review a lower court's denial of a post-trial motion to determine whether there has been an abuse of discretion. Brown v. State, 907 So.2d 336, 339(¶ 8) (Miss.2005). In considering motions challenging a verdict based on the sufficiency of the evidence, a court must ask whether the evidence presented by the prosecution showed "`beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed, and where the evidence fails to meet this test it is insufficient to support a conviction.'" Dilworth v. State, 909 So.2d 731, 736(¶ 17) (Miss.2005) (quoting Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). "The evidence is viewed in the light most favorable to the State." Eakes v. State, 665 So.2d 852, 872 (Miss.1995) (citing McClain v. State, 625 So.2d 774, 778 (Miss.1993)). "All credible evidence supporting the conviction is taken as true; the State receives the benefit of all favorable inferences reasonably drawn from the evidence." Id. "Only where the evidence, as to at least one of the elements of the crime charged, is such that a reasonable and fair-minded jury could only find the accused not guilty, will this Court reverse." Id. To convict Hill of the crime of burglary of a dwelling in violation of Mississippi Code Annotated section 97-17-23 (Rev. 2006), the prosecution had to prove that Hill committed (1) the unlawful breaking and entering of the dwelling house or inner door of such dwelling house of another (2) with the intent to commit a crime once entry has been gained.
¶ 4. At trial, the State introduced Hill's written statement and played Hill's audio recorded statements of guilt, amounting to a confession, for the jury. Hill admitted in his written and taped statement to breaking and entering the Llewellyn's home, looking for things of value and taking and carrying away jewelry and Christmas presents. Testimony was offered by the prosecution of Amy and Jeremiah Llewellyn, the owners of the burglarized home; John Caron, a local pawn shop owner; responding Officer Scott McKenzie and Detectives James Sparacello and James Cowart. Testimony established that Hill was found in possession of the items stolen from the Lewellyn's home within an hour of the robbery when he was trying to pawn the stolen goods at Caron's shop. Caron positively identified Hill in open court as the person who attempted to pawn the stolen items. Considering the evidence in the light most favorable to the State, we find that the lower court did not err in finding that there was sufficient evidence before the jury to convict Hill of burglary of a dwelling.
¶ 5. THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY OF CONVICTION OF BURGLARY OF A DWELLING AND SENTENCE OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, ORDERED TO PAY RESTITUTION IN THE AMOUNT OF $60 TO THE VICTIM AND FINE OF $10,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
*329 KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.