736 So.2d 1076 (1999)
Fredrick GOLDEN and Lakinta Goldman, Appellants,
v.
STATE of Mississippi, Appellee.
No. 97-KA-01134 COA.
Court of Appeals of Mississippi.
February 23, 1999.
B. Leon Johnson, Cleveland, Attorney for Appellants.
*1077 Office of the Attorney General by Deirdre McCrory, Attorneys for Appellee.
BEFORE McMILLIN, P.J., COLEMAN AND KING, JJ.
McMILLIN, P.J., for the Court:
¶ 1. Fredrick Golden and Lakinta Goldman were convicted of felony escape from confinement. The proof showed that the two had been convicted and sentenced to serve a term in the custody of the Mississippi Department of Corrections (MDOC) on other charges and were in the Grenada County Jail awaiting transport to an MDOC facility when they climbed the fence of the exercise yard and fled their confinement.
¶ 2. They have appealed their conviction on the escape charge raising two issues. We find them both to be without merit and affirm.
¶ 3. The first issue raised is that the trial court abused its discretion when it denied a continuance motion filed the morning of trial. The continuance motion alleged (a) that the State had not complied with a discovery request until the day before trial, and (b) that the defendants had not been returned to the county from MDOC facilities until the day before trial. The defendants claimed that, as a result, they did not have adequate time to prepare their defense.
¶ 4. The matter of granting continuances is vested in the sound discretion of the trial court. Morris v. State, 595 So.2d 840, 844 (Miss.1991). On appeal, this Court may intervene only if we are convinced that the trial court committed an abuse of that discretion. Id. These defendants had the burden of showing the manner in which the trial court abused its discretion when it denied their continuance request. We will deal first with the allegedly belated discovery response. The record does not reveal the contents of the State's discovery responses, nor do the defendants inform us as to what evidence was disclosed in those responses that would have required additional preparation or investigation time in order to effectively meet the evidence. Additionally, our reading of the record shows us that there was an unresolved dispute as to whether the State had, in fact, provided the discovery responses some two weeks earlier. Whether that earlier delivery had occurred or not, it is clear that defense counsel did not discover that he either did not have, or could not locate, the discovery responses until the day before trial was set. In that situation, it is difficult to discover how an earlier delivery of documents apparently destined to be ignored until the day before trial would have aided the defendants in preparing for trial.
¶ 5. As to the matter of the defendants not arriving in the county until the day before trial, the court stated into the record a number of earlier dates when the defendants were in the county on other matters and would have been available for conference. Further, the defendants point to no specific facts that show how their lack of opportunity to confer with counsel at an earlier date prejudiced them in the preparation of their defense. The case had been set for trial for over one month. Had defense counsel, with knowledge of the impending trial date, found it imperative to confer with his clients at an earlier stage, it was within his power to make some reasonable effort to have such a conference arranged. That no such effort was made is a strong indication that an earlier conference was not vital to the preparation of the defense for what the trial court called "not the most difficult case in the world."
¶ 6. The right to a continuance cannot be established by conclusory arguments alone. The need for additional time is a matter that is the subject of proof. Atterberry v. State, 667 So.2d 622, 631 (Miss.1995). It may well be that lack of more than one day to review discovery and conduct lawyer-client conferences could lay the initial groundwork for a legitimate *1078 continuance request; however, merely demonstrating the lateness of the hour is not enough. It is incumbent on the defendant seeking such a continuance to show concrete facts that demonstrate the particular prejudice to the defense that will necessarily arise if a delay is not granted. That showing was not made in this case at the trial level or before this Court. We cannot conclude that the trial court, in the exercise of its discretion in such matters, manifestly abused that discretion when it denied these defendants' eleventh-hour continuance request.
¶ 7. As their second issue on appeal, the defendants make a half-hearted claim that the evidence was insufficient to support their conviction of escape. They point to no particular failure in the State's proof, but merely suggest that there is an equally plausible hypothesis to explain the evidence that is consistent with the defendants' innocence. However, having piqued the Court's curiosity with that suggestion, the defendants fail to follow through and set out that alternate hypothesis consistent with their innocence that would satisfactorily explain their actions in climbing over the fence of the Grenada County Jail and fleeing from their lawful confinement in that institution.
¶ 8. There is a presumption of correctness in the judgment of the trial court, and the defendants have the burden to demonstrate the manner in which that judgment is legally defective. See Pierre v. State, 607 So.2d 43, 48 (Miss.1992). We find the State's unrebutted evidence entirely consistent with a verdict of guilty of escape from a lawful confinement. Try as we might, we cannot conjure that elusive alternate reading of the evidence that would suggest with equal persuasiveness that these defendants should have been acquitted by the jury. For that reason, we conclude that the second issue raised by these defendants is without merit.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF GRENADA COUNTY OF CONVICTIONS OF FREDRICK GOLDEN AND LAKINTA GOLDMAN OF ESCAPE AS HABITUAL OFFENDERS AND SENTENCES OF FIVE YEARS EACH IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. SENTENCES TO RUN CONSECUTIVELY TO ANY PREVIOUSLY IMPOSED SENTENCE. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GRENADA COUNTY.
BRIDGES, C.J., THOMAS, P.J., COLEMAN, DIAZ, LEE, PAYNE, AND SOUTHWICK, JJ., CONCUR.
KING, J., CONCURS IN RESULT ONLY.
IRVING, J., NOT PARTICIPATING.