879 So.2d 1067 (2004)
Kostmensky NOBLES, Appellant
v.
STATE of Mississippi, Appellee.
No. 2002-KA-02012-COA.
Court of Appeals of Mississippi.
August 3, 2004.
*1068 Paul McGerald Luckett, McComb, attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before KING, C.J., BRIDGES, P.J., and CHANDLER, J.
*1069 CHANDLER, J., for the Court.
¶ 1. Kostmensky Nobles was found guilty by a jury of the Pike County Circuit Court of distribution of cocaine (Count I) and conspiracy to distribute cocaine (Count II) on October 10, 2002. Nobles appeals his conviction and sentence, asserting that the circuit court erroneously allowed evidence of another indictment into the proceedings. He further argues that the jury's verdict was against the weight of the evidence and that the circuit court erred in not granting his motion for a JNOV or, in the alternative, for a new trial. Finding no merit in Nobles' assignments of error, we affirm his sentence and conviction.

FACTS
¶ 2. On February 10, 2002, Agent Tony Powell and other agents from the Mississippi Bureau of Narcotics met with William Sturdivant, a confidential informant, to arrange a crack cocaine "buy-bust" transaction with Fred Porter, who had been under investigation by the Bureau. Sturdivant was given $1,000 in marked state funds and equipped with a body transmitter. He called Porter and made arrangements to meet him at his house to buy some crack cocaine.
¶ 3. When Sturdivant arrived at Porter's house, he was informed that the crack cocaine was at another location. Sturdivant told Porter that he would give him $500 before he made the purchase and the remaining $500 upon delivery of the drugs. Porter agreed and left the house. When he returned, law enforcement officers swarmed the area and arrested Porter after a brief foot chase. Porter told the agents that he had purchased the crack cocaine from Kostmensky Nobles, who lived with his girlfriend several houses away.
¶ 4. The agents immediately proceeded to the home of Nobles' girlfriend, Sonya McWilliams. Agents Powell and Kenny Anderson obtained McWilliams' written consent to search the house. Nobles was in the kitchen playing cards with three other men. After Nobles was handcuffed, another agent of the Mississippi Bureau of Narcotics, Sheldon Jolliff, observed Nobles trying to reach into his right pocket, which prompted him to grab Nobles' hand and remove the contents of his pockets. He discovered a plastic bag containing 8.1 grams of crack cocaine and $550 in cash, $500 of which was later determined to be marked state funds. An additional 21.8 grams of crack cocaine were found in a bedroom with Nobles' belongings.
¶ 5. Nobles was arrested on two counts of selling crack cocaine, as well as for possession of cocaine with intent to distribute, possession of marijuana with intent to distribute and possession of a firearm by a convicted felon. He and Porter were indicted by a grand jury of the Pike County Circuit Court on May 23, 2002, on charges of distributing cocaine to a confidential informant and conspiracy to distribute cocaine. Nobles was tried on October 10, 2002. At the close of the State's case-in-chief, Nobles moved for a directed verdict. The circuit court denied the motion. After the jury returned guilty verdicts on both charges, Nobles' motion for a new trial or, in the alternative, for a JNOV, likewise was denied by the circuit court. He was sentenced on October 16, 2002, as an habitual offender.

LAW AND ANALYSIS

I. WHETHER THE CIRCUIT COURT ERRONEOUSLY ALLOWED EVIDENCE OF ANOTHER INDICTMENT INTO THE PROCEEDINGS
¶ 6. At the time of his arrest, Nobles was charged with two counts of distributing *1070 cocaine as well as two counts of possession of a controlled substance. The indictment for possession was entered separately from that charging him with distribution. Nobles filed a motion in limine to prohibit introduction of evidence of the indictment for possession. The circuit court granted the motion in part, instructing the State to not mention the other indictment, but allowing into evidence testimony that Nobles was in possession of crack cocaine at the time of his arrest. While Nobles now accuses the district attorney of applying "shotgun" tactics to convict him and asserts that the circuit court erroneously allowed the State to rely upon an arrest report attached to the indictment for possession, thus improperly prejudicing his case, his argument is not supported by the trial record.
¶ 7. On direct examination, Narcotics Agent Tony Powell testified about the events of February 10, 2002, culminating in the discovery of cash and crack cocaine in Nobles' pocket when he was handcuffed. When questioned about the search for drugs on the premises, Nobles' attorney objected and renewed his motion in limine. In conference, the State challenged Nobles' assertion that evidence that he was in possession of crack cocaine at the time of his arrest was impermissible evidence of other crimes. The State argued instead that it was offered to show a plan, motive, and opportunity as permitted by Rule 404(b) of the Mississippi Rules of Evidence. The circuit court agreed, noting that a carefully-drawn limiting instruction would be required. The court further reminded Powell to not mention that a gun and marijuana had been found during the search and admonished the attorneys to keep Nobles' habitual offender status from the jury.
¶ 8. Powell made no reference in his testimony to other charges or indictments. However, on cross-examination, Nobles' own attorney asked Powell about the role Agent Sheldon Jolliff had played, directing his attention to the case reports he had prepared following the arrest and questioning him about which report he had used on direct examination. The district attorney objected and the circuit court reminded Nobles' attorney that he was opening the door to discussion of other charges against his client.
¶ 9. To the limited extent any reference to the separate indictment for possession of cocaine was made, Nobles cannot claim any prejudice. Rule 404(b) of the Mississippi Rules of Evidence provides as follows:
Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
In drug cases, "evidence of prior acts offered to show intent to distribute is not barred by M.R.E. 404 and is properly admissible if it passes muster under M.R.E. 403 and is accompanied by a proper limiting instruction." Smith v. State, 656 So.2d 95, 99 (Miss.1995). The circuit court conducted a Rule 403 balancing test and found that the probative value of the evidence outweighed any potential prejudice, because it showed the existence of a plan and absence of mistake and helped to present "the whole picture" to the jury. See Brown v. State, 483 So.2d 328, 330 (Miss. 1986) (even where other offense has not resulted in a conviction, evidence may be admissible "to present the complete story of the crime" to the jury). Moreover, to further minimize any potential prejudice to the defendant, the jury was given a proper *1071 limiting instruction as to the purposes for which the evidence could be considered. Clarke v. State, 859 So.2d 1021 (¶ 19) (Miss.Ct.App.2003). Accordingly, we find no merit to the assignment of error.

II. WHETHER THE JURY'S VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE AND THE CIRCUIT JUDGE ERRED IN NOT GRANTING NOBLE'S MOTION FOR A JNOV, OR IN THE ALTERNATIVE, FOR A NEW TRIAL
¶ 10. Nobles contends that the verdict of the jury was against the overwhelming weight of the evidence. He therefore argues that the circuit court erred in refusing to grant his motion for a JNOV or, in the alternative, for a new trial. We disagree.
¶ 11. The jury is charged with weighing and considering conflicting evidence and the credibility of the witnesses. McClain v. State, 625 So.2d 774, 778 (Miss. 1993). In questioning the sufficiency of the evidence, we are required to review that evidence in a light most favorable to the State, giving it the benefit of all reasonable inferences which may be drawn from it and accepting as true that evidence which supports guilt. Id. This Court is authorized to reverse only where, with respect to one or more elements of the offense charged, the evidence is such that reasonable and fair-minded jurors could only find the accused not guilty. Id.
¶ 12. Reviewing the record in a light most favorable to the State, we find that there was more than sufficient evidence to support the jury's findings. The jury heard the audiotape of the transaction between Sturdivant, the confidential informant, and Porter. Porter testified that Nobles sold him the crack cocaine used in the transaction with Sturdivant. Agent Powell likewise testified that Porter directed them to Nobles at the time of the "buy-bust." When Nobles was arrested, $550 in cash, $500 of which was marked as state funds, and a plastic bag containing a white rock substance were found in his pocket. Tests performed by the State Crime Laboratory verified that the bag contained cocaine. An additional 21.8 grams of cocaine was found in his bedroom.
¶ 13. A motion for a new trial asks the Court to hold that the verdict was contrary to the overwhelming weight of the evidence. Crowley v. State, 791 So.2d 249 (¶ 15) (Miss.Ct.App.2000). "[T]his Court must accept as true the evidence presented as supportive of the verdict, and we will disturb a jury verdict only when convinced that the circuit court has abused its discretion in failing to grant a new trial or if the final result will result in an unconscionable injustice." Ford v. State, 753 So.2d 489(¶ 8)(Miss.Ct.App.1999). Because the jury's verdict is supported overwhelmingly by the evidence in the record, the circuit court did not abuse its discretion in refusing to grant Nobles' motion for a new trial. Accordingly, we affirm his conviction and sentence.
¶ 14. THE JUDGMENT OF THE PIKE COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I UNLAWFUL DISTRIBUTION OF COCAINE AND SENTENCE OF THIRTY YEARS AND COUNT II CONSPIRACY TO COMMIT UNLAWFUL DISTRIBUTION OF COCAINE AND SENTENCE OF TEN YEARS WITH SENTENCES TO RUN CONSECUTIVELY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FIFTEEN YEARS TO SERVE ON COUNT I AND TEN YEARS ON COUNT II DAY FOR DAY WITHOUT POSSIBILITY OF PROBATION, PAROLE OR EARLY WORK RELEASE *1072 WITH THE REMAINING FIFTEEN YEARS ON COUNT I TO BE SERVED ON POST-RELEASE SUPERVISION, AND PAY FINE OF $50,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
KING C.J., BRIDGES AND SOUTHWICK, P.JJ., LEE, IRVING, MYERS AND GRIFFIS, JJ., CONCUR.