958 So.2d 294 (2007)
James WATTS, Jr., Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-KA-01057-COA.
Court of Appeals of Mississippi.
June 12, 2007.
*295 Wilbert Levon Johnson, attorney for appellant.
Office Of The Attorney General by Billy L. Gore, attorney for appellee.
Before LEE, P.J., BARNES, ISHEE and CARLTON, JJ.
ISHEE, J., for the COURT.
¶ 1. James Watts, Jr. was convicted of burglary of a dwelling following his trial by jury in the Circuit Court of Tunica County. He was sentenced to serve a term of ten years imprisonment with the Mississippi Department of Corrections with five years suspended. The circuit court denied Watts's motion for judgment notwithstanding the verdict or, in the alternative, motion for new trial. Aggrieved by the court's decision, Watts appeals. Finding no error, we affirm.

FACTS
¶ 2. On or about February 7, 2006, a Tunica County grand jury indicted Watts for one count of burglary of a dwelling. A jury trial was held on May 2, 2006, at which time the State presented testimony of at least six witnesses, two of whom testified as eye and ear witnesses to the burglary.
¶ 3. On September 11, 2005, the home of Kimberly Pearson was burglarized during the nighttime hours. Shelia McKay, a detective with the Tunica County Sheriff's Department, testified that she received the complaint regarding a burglary at Pearson's residence. McKay then went to Pearson's residence, photographed the scene, and took a statement from Pearson. It was apparent that someone had entered the residence by breaking a bedroom window. The back door of the house appeared to have been kicked open from the inside, in order to remove the items. McKay testified that she attempted to lift prints from the scene but was not able to obtain any due to the older condition of the wood framed house. McKay then testified that Pearson later telephoned her and provided information regarding the whereabouts of certain items taken from Pearson. Upon further investigation, McKay was able to recover several of the items reported missing, including a Phillips television and four tires with the rims on them, at the home of Thomas Moore. A five disc stereo was also recovered; however, those items were discovered at Anthony Vaughn's residence. All of the recovered items were identified by Pearson as items missing from her house. Ultimately, all of the items removed from Pearson's home were recovered by the sheriff's department, except for a DVD player and a 31" television.
*296 ¶ 4. The State then presented testimony by Antonio Vaughn, Demetric Vaughn, and Anthony Vaughn. All three witnesses were in the vicinity of Pearson's home on the night of September 11, 2005. Specifically, all three stated they were at Linda Vaughn's house during the hours the burglary took place, which according to testimony by Antonio, is located "side by side" to Pearson's house. Antonio and Demetric, both minors, testified they heard the sound of glass breaking and that they observed items being taken out the back door of Pearson's home and placed on the lawn. Antonio stated that he submitted a written statement to the police about three days after the burglary occurred regarding what he had seen and heard on the evening of September 11, 2005. At the request of law enforcement eighteen days after the burglary, Demetric gave her statement regarding what she had seen and heard on the evening of September 11, 2005. Furthermore, both witnesses made positive in-court identifications of Watts being the man they observed around 10:00 p.m. at Pearson's home. Anthony Vaughn also testified that he was in the area and heard a noise "like something breaking" around 9:00 p.m. on or about September 11th.
¶ 5. After the State rested its case-in-chief and Watts's motion for directed verdict was overruled, Watts chose not to testify on his behalf. He was informed by the court of his constitutional rights to testify or not testify, and he then rested without producing any witnesses. Closing arguments were heard by the jury, and after deliberating a little more than thirty minutes it unanimously found Watts guilty of burglary of a dwelling. On May 8, 2006, Watts filed a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial, arguing the verdict was against the overwhelming weight of the evidence. That motion was subsequently denied. He filed a motion for a rehearing on May 24, 2006 that was also denied. A sentencing hearing was held on May 31, 2006, at which time Watts was sentenced to ten years imprisonment with the Mississippi Department of Corrections with five years suspended and five years to serve. The following issues are before the Court on appeal:
I. Whether the trial court erred in denying Watts's motion for a new trial.
II. Whether the trial court erred in denying Watts's motion for directed verdict and motion for JNOV.

ISSUES AND ANALYSIS
I. Whether the trial court erred in denying Watts's motion for a new trial.
¶ 6. A motion for a new trial challenges the weight of the evidence. Beckum v. State, 917 So.2d 808, 812(¶ 10) (Miss.Ct.App.2005) (citing Carr v. State, 774 So.2d 469, 472(¶ 15) (Miss.Ct.App. 2000)). Upon review of a trial court's denial of a motion for a new trial, this Court must consider the evidence in the light most favorable to upholding the verdict. Id. at 813(¶ 14). We will only reverse a trial court's decision when convinced that there was an abuse of discretion in failing to grant a new trial. Dudley v. State, 719 So.2d 180, 182(¶ 7) (Miss.1998) (citing Herring v. State, 691 So.2d 948, 957 (Miss. 1997)). We must also keep in mind that it is the jury's responsibility to resolve matters regarding the weight of the evidence and the credibility of witnesses. Beckum, 917 So.2d at 813(¶ 14). It is a fundamental principle of law that a jury verdict will not be disturbed except in the most extreme of situations. Washington v. State, 800 So.2d 1140, 1144(¶ 10) (Miss.2001) (citing Manning v. State, 735 So.2d 323, 333(¶ 10) (Miss.1999)). "Only in those cases where the verdict is so contrary to the overwhelming *297 weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal." Walker v. State, 881 So.2d 820, 831(¶ 32) (Miss.2004) (citing Dudley, 719 So.2d at 182(¶ 8)); Dilworth v. State, 909 So.2d 731, 737 (¶¶ 20-21) (Miss.2005).
¶ 7. In the present case the weight of the evidence supports the jury's determination that Watts was guilty. Though Watts does point out various inconsistencies with the eyewitness testimony in his argument for a new trial, those inconsistencies are not enough to disturb the jury's determination of the weight and credibility of those testimonies. A review of the trial transcript shows that these inconsistencies were fully explored on cross-examination by Watts's counsel; therefore, it can be said that a reasonable juror could have found the testimonies credible. Furthermore, Watts did have an opportunity to take the stand and testify in his defense and/or call other witnesses to refute any inconsistencies in the State's case-in-chief; however, Watts chose not to do so. Watts states in his argument that the State presented "no credible evidence" to support a finding of guilty beyond a reasonable doubt. We disagree.
¶ 8. After reviewing the evidence to support Watts's conviction, we cannot say that the verdict is not supported by the overwhelming weight of the evidence and to allow it to stand would be an unconscionable injustice. Again, the jury is charged with weighing the evidence and determining the credibility of witnesses. Nobles v. State, 879 So.2d 1067, 1071(¶ 11) (Miss.Ct. App.2004) (citing McClain v. State, 625 So.2d 774, 778 (Miss.1993)). Sheffield v. State, 749 So.2d 123, 128(¶ 17) (Miss.1999), presents a similar situation where Sheffield argued for a new trial upon the grounds that the weight of the evidence presented did not support the jury's verdict. Sheffield, 749 So.2d at 128(¶ 17). The court noted in Sheffield that there was no need for the reviewing court to determine exactly which witnesses and testimonies the jury chose to believe or disbelieve in reaching its verdict. Id. Furthermore, it is enough that the evidence presented a factual dispute for the jury. Id. (citing Groseclose v. State, 440 So.2d 297, 300 (Miss.1983)).
¶ 9. The jury in Watts's case determined that the eye and ear witness testimony by Antonio and Demetric, together with Detective Shelia McKay's testimony regarding her investigation into the burglary, as well as the other three witnesses who testified for the State, was sufficient and credible evidence to unanimously find Watts guilty of burglary of a dwelling. The trial court did not abuse its discretion in denying the motion for new trial in that the evidence, when viewed in light most favorable to the verdict, does support the conviction. This issue is without merit.
II. Whether the trial court erred in not granting Watts's motion for a directed verdict and motion for JNOV.
¶ 10. The standard of review for post-trial motions, like JNOV, is abuse of discretion. Smith v. State, 925 So.2d 825, 830(¶ 10) (Miss.2006) (citing Brown v. State, 907 So.2d 336, 339(¶ 8) (Miss.2005)). In considering whether the evidence is sufficient to withstand a motion for directed verdict, or a motion for JNOV, the court must determine that a reasonable, fair-minded juror could find that the accused committed the offense charged beyond a reasonable doubt, and that every element of that offense existed, given the evidence presented. Brown, 907 So.2d at 339(¶ 8) (citing Carr v. State, 208 So.2d 886, 889 (Miss.1968)). If the evidence fails to meet this test, then it is insufficient to support a conviction. Carr, 208 So.2d at 889. Therefore, the question to be answered by the reviewing court, in viewing the evidence *298 in a light most favorable to the prosecution, is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Smith, 925 So.2d at 830(¶ 10) (citing Brown, 907 So.2d at 339(¶ 8); Jackson v. Virginia, 443 U.S. 307, 315, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). In other words, reversal on the issue of legal sufficiency can only occur when evidence of one or more of the elements of the charged offense are such that "reasonable and fair-minded jurors could only find the accused not guilty." Purnell v. State, 878 So.2d 124, 129(¶ 14) (Miss.Ct.App.2004) (citing Hawthorne v. State, 835 So.2d 14, 21 (¶ 31) (Miss.2003)). However, where substantial evidence of such quality and weight exists to support the verdict, and where reasonable and fair-minded jurors may have found the appellant guilty, we must affirm the judgment of the trial court. McClendon v. State, 852 So.2d 43, 47(¶ 11) (Miss. Ct.App.2002) (citing Baker v. State, 802 So.2d 77, 81(¶ 13) (Miss.2001)).
¶ 11. Watts reasserts his argument that the State presented no credible evidence at trial that would support a finding beyond a reasonable doubt that he committed the burglary. Watts again relies on the inconsistencies in the witnesses' testimony presented by the State. Specifically, he argues the contradicting statements made at trial by Demetric, Anthony, and Antonio Vaughn, relating to their individual recollections from the evening of September 11, 2005, were insufficient to support his conviction. A review of the trial transcript shows that Watts's counsel thoroughly questioned these witnesses on cross-examination. Watts chose not to testify or to call any witnesses for his defense, even after the court made him aware of his right to testify in his own defense.
¶ 12. It is well settled that the jury has the duty to determine the impeachment value of inconsistencies or contradictions, as well as testimonial defects of perception, memory and sincerity. Blocker v. State, 809 So.2d 640, 645(¶ 18) (Miss.2002) (citing Winters v. State, 449 So.2d 766, 771 (Miss.1984); Jones v. State, 381 So.2d 983, 989 (Miss.1980)). The court has stated numerous times that, even when there are conflicting statements and testimony, it is for the jury to weigh the credibility of testimony and statements. Holmes v. State, 798 So.2d 533, 538(¶ 21) (Miss.2001). After considering Watts's argument, we are not convinced that reasonable and fair-minded jurors would find that the evidence presented was insufficient to support a conviction of burglary. The jury had the duty of discerning what witness statements to believe or disbelieve and to reach a verdict based upon the evidence it found to be credible. Based upon the evidence the jury was presented with at trial, this Court finds that there was sufficient evidence to support the elements of the crime of burglary of a dwelling, and that the jury was reasonable in finding Watts guilty. This issue is without merit.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF TUNICA COUNTY OF CONVICTION OF BURGLARY OF A DWELLING AND A SENTENCE OF TEN YEARS OF IMPRISONMENT WITH FIVE YEARS TO SERVE AND FIVE YEARS SUSPENDED IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TUNICA COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ., CONCUR.