964 So.2d 615 (2007)
Charles D. JEFFERSON a/k/a Charles Jefferson, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2006-KA-01259-COA.
Court of Appeals of Mississippi.
September 11, 2007.
*617 Leslie S. Lee, Jackson, attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before MYERS, P.J., ISHEE and CARLTON, JJ.
ISHEE, J., for the Court.
¶ 1. On May 26, 2006, a jury in the Marion County Circuit Court convicted Charles Jefferson of possession of cocaine. The court sentenced him to sixteen years in the custody of the Mississippi Department of Corrections, with twelve years to be suspended upon completion of four years, and five years of post-release supervision. Jefferson appeals and asserts the following issues:
I. The court erred by denying his motion for a directed verdict because the State failed to prove its circumstantial evidence case,
II. The court erred by not granting a mistrial on the basis of the prosecutor's comments during closing argument, and
III. The verdict was contrary to the weight and sufficiency of the evidence.
Finding no error, we affirm.

FACTS
¶ 2. While on patrol, Officer James Carney, of the Columbia Police Department, stopped a vehicle for speeding at approximately 7:45 p.m. on November 7, 2002. In the car were Donovan Lewis, Charles Jefferson, and two females. Lewis was driving and Jefferson was in the backseat with the one of the females.
¶ 3. Carney decided to arrest the occupants of the car when he discovered that the driver, Lewis, did not have a driver's license, there were open containers of beer in the car, and one of the females was underage. Officer Jamie Singley responded to the scene to assist Carney in making the arrest. Carney removed Lewis and the female in the front seat from the car and secured them, placing Lewis in the backseat of his patrol car on the driver's side. In the meantime, Singley did the same with Jefferson and the other female, placing Jefferson in the backseat of Carney's car on the passenger's side. They testified that they placed the men in the car on their respective sides, and they did not have them slide across the backseat. The officers placed the females in the backseat of Singley's car.
¶ 4. Upon arriving to the Marion County jail, Carney removed the two men from his patrol car and lifted his backseat to see if they had dropped anything underneath it. He testified that this was his standard procedure whenever he transported someone to jail. When he lifted the seat, he found a small plastic bag containing what he believed was cocaine. The State put on a forensic scientist, Timothy Gross, who *618 tested the substance and determined that it was 2.3 grams of cocaine.
¶ 5. Officer Carney testified that he came on duty on the evening of November 7, 2002, at 6:00 p.m. and inspected the exterior and interior of his patrol car, as was standard operating procedure. Part of his inspection involved lifting the rear seat of the car to see if anything was underneath it. Carney testified that, on the night he arrested Jefferson, he followed this procedure, and he did not find anything when he lifted the backseat. He also denied carrying anyone in his patrol car that evening from the time he began his shift until the time he stopped Lewis and Jefferson and transported them to the jail.
¶ 6. Jefferson claimed that Officer Singley thoroughly patted him down and searched his pockets before putting him in the patrol car. Singley denied this, however, and claimed that he only did a brief pat down to determine if Jefferson was carrying any weapons. He and Carney testified that standard procedure is to pat down a suspect before placing him in the patrol car and that they do not reach into a suspect's pockets unless they believe he has a weapon.
¶ 7. Both of the men that Carney transported denied that it was their cocaine found in the patrol car, although neither stated it belonged to the other. Furthermore, Carney testified that, while en route to the police station, he was paying attention to the men in his backseat, and he did not see Lewis slide over or put anything on Jefferson's side of the car.
¶ 8. Ultimately, the jury found Jefferson guilty of possession of the cocaine, and the court sentenced him to sixteen years in the custody of the Mississippi Department of Corrections, with twelve years to be suspended upon completion of four years of the sentence.

ISSUES AND ANALYSIS
I. Whether the court should have granted a directed verdict
¶ 9. In his first point of error, Jefferson claims the State did not put on any evidence to exclude Lewis as a possessor of the cocaine. As such, he argues that the State did not meet the burden of excluding every reasonable hypothesis in its circumstantial evidence case against him.
¶ 10. Review of a motion for a directed verdict tests the sufficiency of the evidence. Bush v. State, 895 So.2d 836, 843(¶ 15) (Miss.2005). The court must determine whether the evidence shows "beyond a reasonable doubt that the accused committed the act charged and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction." Id. at 843(¶ 16) (quoting Carr v. State, 208 So.2d 886, 889 (Miss.1968)). Taking the evidence in the light most favorable to the verdict, the question is not whether the court believes the evidence established guilt beyond a reasonable doubt but whether a rational trier of fact could have found all the elements beyond a reasonable doubt. Bush, 895 So.2d at 844(¶ 16) (quoting Jackson v. Virginia, 443 U.S. 307, 315, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).
¶ 11. Contrary to Jefferson's assertions, we find the State put on ample evidence to survive a motion for a directed verdict. In a circumstantial evidence case such as this, the burden is on the prosecution to prove guilt beyond a reasonable doubt and to the exclusion of every reasonable hypothesis of innocence. Neal v. State, 805 So.2d 520, 526(¶ 20) (Miss.2002) (citing Tolbert v. State, 407 So.2d 815, 820 (Miss.1981)). The State does not need to *619 exclude every possible hypothesis. Id. Jefferson's hypothesis was that Lewis was equally likely to put the cocaine under the seat; however, the prosecution put on evidence that specifically excluded this alternative.
¶ 12. Each man was put in the car on the same side on which he rode to the police station. Carney said he watched them, and he did not see Lewis slide over or throw anything over to Jefferson's side of the car. Carney also said that he found the cocaine directly under the spot where Jefferson was sitting, not in the middle. Lastly, Lewis took the stand and denied that the cocaine belonged to him.
¶ 13. The circumstantial nature of evidence is "properly for the jury to weigh when determining its verdict." Hughes v. State, 735 So.2d 238, 277 (¶ 178) (Miss. 1999). Taking this evidence most favorably for the prosecution, there was sufficient evidence for a trier of fact to find Jefferson guilty beyond a reasonable doubt and to the exclusion of any reasonable alternatives. This issue is without merit.
II. Whether the court should have ordered a mistrial
¶ 14. Generally, an attorney is given wide latitude to make a closing argument. Johnson v. State, 477 So.2d 196, 209 (Miss.1985). This is an important part of our adversarial system, and courts must be careful in limiting arguments to the jury. Id. However, a prosecutor may not use tactics that are "inflammatory, highly prejudicial, or reasonably calculated to unduly influence the jury." Sheppard v. State, 777 So.2d 659, 661(¶ 7) (Miss.2000) (citing Hiter v. State, 660 So.2d 961, 966 (Miss.1995)). The inquiry regarding attorney misconduct during closing arguments is "whether the natural and probable effect of the improper argument is to create unjust prejudice against the accused so as to result in a decision influenced by the prejudice so created." Id. (citing Ormond v. State, 599 So.2d 951, 961 (Miss.1992)).
¶ 15. In the present case, Jefferson objected to the prosecutor's personal impressions regarding the credibility of witnesses. Regardless of whether the statements made by the prosecutor were improper, Jefferson objected to them, and the trial court sustained those objections. While the judge also denied Jefferson's motion for a mistrial, such a decision is within the trial court's discretion. Johnson v. State, 666 So.2d 784, 794 (Miss. 1995). The denial of a motion for mistrial will not be overturned on appeal absent an abuse of discretion. Id.
¶ 16. Jefferson objected to two comments by the prosecutor. The first objection came after the prosecutor said, "I can tell you that in this case right here that I have looked at it and I have looked at it and I have looked at it. I have talked with my officers." Jefferson next objected when the prosecutor said, "I've worked with this case. I've talked with these officers. I have gone through the same process which you are going through now in my mind." In regards to Jefferson's motion for a new trial, the judge determined that these statements were not so prejudicial that they would influence the jury's decision. Furthermore, since he sustained Jefferson's prompt objections to the comments, we find that any prejudice was cured. The judge was, therefore, within his discretion to deny the motion. This issue is without merit.
III. Whether the verdict was against the weight or sufficiency of the evidence
¶ 17. We previously discussed whether the evidence was sufficient to withstand a directed verdict, and that prior analysis is *620 applicable to Jefferson's claim that the court erred in denying his motion for a judgment notwithstanding the verdict. At the close of the trial, there was sufficient evidence, circumstantial in this case, for a rational trier of fact to find Jefferson guilty beyond a reasonable doubt and to the exclusion of any reasonable hypotheses put forward by Jefferson.
¶ 18. In reviewing a motion for a new trial, however, the question is not whether the evidence was sufficient but whether the jury verdict is against the overwhelming weight of the evidence. Bush, 895 So.2d at 844(¶ 18) (citing Herring v. State, 691 So.2d 948, 957 (Miss. 1997)). We must weigh the evidence in the light most favorable to the verdict, and only when a verdict is so contrary to the overwhelming weight of the evidence that it creates an unconscionable injustice will we reverse. Id. The motion "is addressed to the discretion of the court, which should be exercised with caution, and the power to grant a new trial should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict." Id. (quoting Amiker v. Drugs for Less, Inc., 796 So.2d 942, 947(¶ 18) (Miss.2000)).
¶ 19. When we take the evidence in the light most favorable to the verdict, we find the weight of the evidence supports the guilty verdict. Testimony revealed that the patrol car was clean of any drugs when Jefferson was arrested, and he offered no evidence to the contrary. Immediately after he was removed from the car, Carney discovered the bag of cocaine directly under the seat where Jefferson had been sitting. Furthermore, Lewis denied the drugs belonged to him, and there was no evidence that he was on Jefferson's side of the car or that he could have put the drugs there. Based on the evidence, we cannot say the verdict creates an unconscionable injustice and requires reversal. This issue is without merit.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF MARION COUNTY OF CONVICTION OF POSSESSION OF COCAINE AND SENTENCE OF SIXTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH TWELVE YEARS TO BE SUSPENDED UPON COMPLETION OF FOUR YEARS, AND FIVE YEARS OF POST-RELEASE SUPERVISION, AND PAYMENT OF A $3,000 FINE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ., CONCUR.