ISHEE, J.,
dissenting in part:
¶35. With respect to the majority, I must dissent l-egarding the affirmance of Pelletier’s conviction of felon in possession of a weapon. The majority references Pel-letier’s contention “that Cole’s exclusion was not an appropriate sanction because his discovery violation was the result of Powers’s ‘abject failure to adequately represent’ him.” To be clear, I make no determination as to Powers’s efficacy as Pelletier’s lawyer. As stated previously, matters of ineffective assistance of counsel are best reviewed in a PCR proceeding. Aguilar v. State, 847 So.2d 871, 878 (¶ 17) (Miss.Ct.App.2002) (citations omitted).
¶ 36. The question here, rather, is whether or not the trial court’s decision to exclude Cole’s testimony under Rule 9.04(1) was the proper remedy. We have previously held that “a violation of Rule 9.04 is considered harmless error unless it affirmatively appears from the entire record that the violation caused a miscarriage of justice.” Mosely v. State, 4 So.3d 1069, 1074 (¶ 10) (Miss.Ct.App.2009) (quoting Wyatt v. City of Pearl, 876 So.2d 281, 284 (¶ 10) (Miss.2004)). In the instant case, I cannot find that the late introduction of Cole as a witness “caused a miscarriage of justice.” Id.
¶ 37. The State was given the opportunity to interview Cole. The record reflects that Cole’s testimony would have served to *1272 corroborate Pelletier’s theory of defense— that the metallic knuckles discovered in the vehicle were Cole’s, not Pelletier’s, and that they had been purchased by Cole at a flea market when Cole and Pelletier were together. The State’s objection hinged on its contention that it had no way of investigating Cole’s assertion that the metallic knuckles were bought by him at a flea market. However, the State was already armed with the video recording presented to the jury showing Pelletier mentioning to the arresting officers that he, not Cole, may have purchased the metallic knuckles at the flea market. Accordingly, the State had evidence in its possession with which it could have discredited Cole’s testimony.
¶ 38. Pelletier, on the other hand, had his testimony and nothing else to support his theory of defense with regard to the metallic knuckles. He testified on his own behalf and spoke regarding the metallic knuckles belonging to Cole. Pelletier had a right to call relevant and material witnesses to help support his case and corroborate his testimony. This is particularly so when, as noted previously, the State introduced evidence to the jury showing that Pelletier initially indicated that the metallic knuckles may have been his. Hence, the addition of corroborating testimony could have made a material difference in how the jury viewed the case. I find that the discovery violation was harmless error and that the exclusion of the testimony constituted prejudicial error for Pelletier. Hence, I would reverse and remand the conviction of felon in possession of a weapon.
IRVING, P.J., BARNES, CARLTON AND JAMES, JJ., JOIN THIS OPINION.